# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

RAIZY FELBERBAUM, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant*,

v.   No. 22-431-cv

MANDARICH LAW GROUP, LLP,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: CRAIG B. SANDERS, Sanders Law Group, Garden City, NY

| FOR DEFENDANT-APPELLEE: | NICOLE M. STRICKLER, Messer Strickler Burnette, Ltd., Barrington, IL |
|---|---|

Appeal from a judgment entered in the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

In this case brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Raizy Felberbaum appeals from a January 31, 2022 judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.) granting summary judgment in favor of Mandarich Law Group, LLP ("Mandarich"). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

As relevant here, the FDCPA prohibits debt collectors from making the "false representation or implication that any individual is an attorney or that any communication is from an attorney," id. § 1692e(3), where an attorney has not conducted a "meaningful review" of the individual's account, Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 295 (2d Cir. 2003). We have declined to

establish a bright-line test for determining whether an attorney's review is sufficiently "meaningful," and have instead directed courts to consider "what information the [attorney] reviewed, how much time was spent reviewing [the] plaintiff's file, and whether any legal judgment was involved with the decision to send the [collection] letters." Id. at 307. "[M]erely being told by a client that a debt is overdue is not enough." Id. at 304. An attorney who does not engage in a meaningful review of the account must include with any collection letter a disclaimer that "make[s] clear even to the least sophisticated consumer that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) (quotation marks omitted).

"We review de novo a district court's decision to grant summary judgment." Bey v. City of New York, 999 F.3d 157, 164 (2d Cir. 2021). Here, the summary judgment record demonstrates that Matthew Salyer, an attorney for Mandarich, conducted a meaningful review of Felderbaum's account. Salyer's sworn affidavit stated that he followed Mandarich's "Attorney Meaningful Involvement Procedure," which requires its attorneys to "perform a professional review of each file prior to each stage in the legal collection process" using a

3

specialized computer platform.  App'x 116–17.  He also described the various documents that he reviewed pertaining to Felberbaum's account, as well as the legal conclusions that he reached following his analysis.  App'x 118–20.  Among other things, Salyer concluded that his client owned Felberbaum's account, that Felberbaum had incurred a debt on that account, that the balance on that account was due and owing, and that no circumstances (such as a bankruptcy filing or fraud) prevented his client from collecting on the account.  App'x 119–20.

Felberbaum responds by observing that several steps in the "Attorney Meaningful Involvement Procedure" that Salyer followed were either performed by non-attorneys or automated.  She further points out that Salyer could have spent less than one minute reviewing her account.  But these facts, even if true, do not refute Salyer's statement that he conducted a meaningful legal analysis of Felberbaum's account and "formed an opinion about how to manage [Felberbaum's] case."  Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993).  We have never established a specific minimum period of review time to qualify as meaningful attorney involvement, and the only function that Felberbaum has identified that Salyer did not perform before approving the letter was establishing a specific plan to sue in the event of non-payment.  In fact,

Felberbaum took the position at oral argument that "at the collection letter phase . . . there's almost never meaningful involvement at the time a letter was sent." Oral Argument at 23:59–24:08, Felberbaum v. Mandarich Law Group, LLP (No. 22-431), ca2.uscourts.gov/decisions. That is not our law. See, e.g., Miller, 321 F.3d at 305–306 (explaining that if it became clear after discovery that before sending collection letters lawyer-defendants reviewed information "reasonably calculated" to permit them to determine whether the debtor was in bankruptcy, whether the information in the record was inconsistent or incomplete, whether the debtor was obligated to pay the debt, and whether the correct debtor had been identified, then the letters would be in compliance with the FDCPA). We thus conclude that the FDCPA did not require Mandarich to provide a disclaimer in its initial collection letter to Felberbaum.

We have considered Felberbaum's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court